# AGREEMENT

## PARTIES AND RELEASED PARTIES

This document sets forth the terms and conditions of the agreement (the "Agreement") between Ada Howard ("Howard") and the Eta Chapter of Sigma Delta Tau ("Sigma Delta Tau"). "SIGMA DELTA TAU" includes the Eta Chapter of Sigma Delta and all its officers, directors, employees, Board members, servants, agents, officials, insurers, and attorneys. Whereas the parties recognize and acknowledge their mutual uncertainty and bona fide dispute as to whether Howard is owed any additional compensation from Sigma Delta Tau pursuant to the Fair Labor Standards Act (the Act); and

Whereas the parties have settled upon the below as an agreed upon, stipulated amount in acknowledgement of the above and in a mutual desire to fully, finally and completely resolve any and all actual or potential claims under the Act as between Sigma Delta Tau and Howard; therefore,

The parties agree as follows:

**A.   Payment**

SIGMA DELTA TAU shall pay to Howard and Howard's attorney a total of twenty one thousand three hundred dollars ($21,300.00): $9,491.00 in back pay (subject to payroll withholdings), $4,309.00 in liquidated damages and $7,500 in attorney's fees and costs.

SIGMA DELTA TAU shall pay the settlement amounts within ten business days of the District's receipt of final, written approval of the settlement by the U.S. District Court for the Middle District of Georgia, (the "Court") by delivering the above funds to Howard's attorney, Janet E. Hill, Hill & Associates, PC in two checks, one payable to Ada Howard in

1

A.H.

the amount of $9,491.00, less payroll withholdings, and the other payable to Ada Howard and Hill & Associates, PC in the amount of $11,809.00.

In the event that Hill & Associates, PC does not receive the settlement payment within ten (10) business days of it becoming due, SIGMA DELTA TAU shall pay an additional ten percent (10%) of the late payment as a penalty.

**B.    Release**

For and in consideration of the total payment specified above, Howard knowingly and voluntarily releases and forever discharges SIGMA DELTA TAU from any and all claims for wages, liquidated damages, attorneys' fees and any other costs, which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with her employment with SIGMA DELTA TAU and pursuant to the Act.

This Settlement Agreement constitutes full and final satisfaction of all claims for wages, liquidated damages, attorneys' fees and costs, which are or may be based in whole or in part on, or do or may arise out of or are or may be related to her employment with SIGMA DELTA TAU, but excluding any claims arising from Howard's termination from her position with SIGMA DELTA TAU.

**C.    Knowing and Voluntary Waiver and Release**

This Agreement is executed by Howard freely, knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of Howard's claims. By signing below, Howard acknowledges that she has been given adequate time to review and consider the complete terms and conditions of this Agreement.



2

No promise or inducement has been offered or made to Howard except as set forth in this Agreement. Consideration for this Agreement consists of financial payments and benefits to which Howard otherwise has no legal entitlement.

Howard expressly warrants and represents to the SIGMA DELTA TAU that: (a) Howard is legally competent to execute this Agreement; (b) Howard has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, that Howard has or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein (d) that she has actually, fully and to her complete satisfaction exercised her rights as set forth in Section D below in review of this Agreement, as well as her rights under the Act and (e) she currently has no claim, information or knowledge of any fact(s) upon which she could base any claim for additional compensation or reimbursement or other pay from Sigma Delta Tau under the Act.

**D.    Right to Retain Advisor or Counsel**

The parties have the right and opportunity to consult fully with legal counsel during the course of negotiating this Agreement, prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement.

**E.    Entire Agreement**

This Agreement constitutes the entire agreement between Howard and the SIGMA DELTA TAU pertaining to Howard's claim for wages, liquidated damages, attorneys' fees and costs, and supersedes all prior and contemporaneous agreements, representations and

3



understandings. This Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Howard and an authorized representative of SIGMA DELTA TAU and approved by the Court as appropriate.

With the exception of Howard's release of Sigma Delta Tau above, in the event any other portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion will be stricken and all other obligations will remain valid and mutually binding on the parties and not be affected thereby.

**F.**     **Effective Date**

Upon execution of this Agreement by the parties, approval of the SIGMA DELTA TAU Board of Education and the Court, the Agreement will be binding upon Howard and SIGMA DELTA TAU and is irrevocable.

**G.**     **Approval by the Court**

The parties agree that upon execution of this Agreement by the parties, and approval by SIGMA DELTA TAU, this agreement will be submitted to the U.S. District Court for the Middle District of Georgia County for approval. In the event the Court requires Howard to offer testimony or execute any additional documents in connection with their final approval of this Agreement, Howard agrees to promptly comply with any such request.


A.H.

**H.   Successors and Assigns**

This Agreement is binding upon Howard and Howard's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and will inure to the benefit of the SIGMA DELTA TAU and its predecessors, successors and assigns.

**I.   Non-Admission**

The payments set forth herein do not constitute an admission of liability on the part of SIGMA DELTA TAU, who expressly denies liability. This Agreement is not an admission of liability or a violation of any law, rule, regulation or order, of any kind. In particular, this Agreement is not an admission that SIGMA DELTA TAU violated the FLSA, that Howard has worked any overtime hours for which she has not already been fully compensated, or that Howard is entitled to liquidated damages, attorney fees or a three year statute of limitation.

**J.   Miscellaneous**

Howard has had reasonable and sufficient time to consider whether or not she desires to enter into this Agreement. Howard further acknowledges that she and her counsel have had a full and fair opportunity to examine all existing records related to her work for the District, including time records. Any decision by Howard to execute this Agreement is a knowing and voluntary decision.

By signing this Agreement, Howard is giving up any and all rights she may have as to any lost wages, liquidated damages and other costs arising from her FLSA claim. Howard acknowledges that she does not have to sign this Agreement.



While the SIGMA DELTA TAU reserves the right to offer this agreement into evidence in the event of any future claim for damages under the Act which may be brought by Howard, the parties or their agents shall not otherwise offer in evidence the existence of this Agreement nor any of its provisions in any action or proceeding other than an action to enforce this Agreement.

Howard represents and warrants that, at all times pertinent, no person sustained any loss of consortium, or has any other claim whatsoever for any injury or damage alleged to have been sustained by Howard. Howard will indemnify, defend and hold harmless SIGMA DELTA TAU from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

This Agreement will be governed by, interpreted by, and construed in accordance with the laws of the State of Georgia and that any dispute arising out of its terms, including any alleged breach, only will be heard in the U.S. District Court for the Middle District of Georgia in the State of Georgia.

This Agreement may be executed in multiple counterparts, each of which will be deemed an original. All counterparts will constitute one agreement binding on the parties, regardless of whether each party is a signatory to the same counterpart. Fax signatures, in lieu of original signatures are acceptable.

If for any reason the Court is unable or unwilling to supervise and approve this Agreement, the parties agree this Agreement shall be null and void.



SO AGREED:

*Ada Howard* (signature)
Ada Howard

Date: 11-6-2015

*Amanda Knopf* (signature)
Name: President   Title: Housing Corporation
on behalf of *SIGMA DELTA TAU*

Date: 11-9-2015