IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Ada Howard, <br><br> Plaintiff <br><br> v. <br><br> Eta Chapter of Sigma Delta Tau, <br><br> Defendant. | CA # 3:15-cv-00075-CAR |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF
SETTLEMENT AGREEMENT AND
MEMORANDUM IN SUPPORT THEREOF**

COME NOW Plaintiff Ada Howard ("Howard") and Defendant Eta Chapter of Sigma Delta Tau ("Eta Chapter") and jointly file this Motion for Court Review and Approval of Settlement Agreement.

## INTRODUCTION

The parties respectfully request that the Court review the terms of the Agreement (Exhibit "A" attached) and grant the proposed Order approving the Agreement as per *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) based on the grounds set forth below.

## MEMORANDUM OF LAW

The parties request the Court review and approve the Agreement so that the resolution of the case will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). In *Lynn's Food Stores*, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act may be settled or compromised by employees. The first is through a payment with the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

Plaintiff was employed by the Eta Chapter as a cook. She alleges that she was not paid for all the time she worked and that the Defendant violated the FLSA. As such, Plaintiff filed suit for unpaid wages, liquidated damages, and attorneys' fees and costs.

Plaintiff did not maintain any contemporaneous record of the time that she claims she worked and was not paid, but generally claimed she might be owed $9,491.00 in lost wages and an equal amount in liquidated damages. Defendant contends that it did not violate the FLSA and disputes that Plaintiff is owed $9,491.00 in back wages. Defendant further asserts that if it violated the FLSA it was acting in

good faith in the manner it paid Plaintiff, so that liquidated damages are not appropriate.

After negotiations, Plaintiff and Defendant have agreed to a compromise settlement that pays Plaintiff nine thousand four hundred ninety-one dollars and zero cents ($9,491.00) in back pay, subject to statutory payroll withholding; four thousand three hundred nine dollars and zero cents ($4,309.00) in liquidated damages; four hundred dollars and zero cents ($400.00) as reimbursement for out-of-pocket expenses; and attorneys' fees of seven thousand one hundred dollars and zero cents ($7,100.00); for a total settlement amount of twenty one thousand three hundred dollars and zero cents ($21,300.00), even though Defendant continues to deny liability.

This compromise is based on the uncertainty and costs associated with litigation and a mutual desire to resolve this matter prior to attorneys' fees and expenses escalating. Thus, the Agreement is reasonable and should be approved.

The parties have been represented by counsel throughout the negotiation of the Agreement, and the Plaintiff voluntarily releases her claims against Defendant relating to her claims for wages in exchange for sufficient consideration.

Under the parties' agreement, Defendant will pay Plaintiff's counsel $7,100 and costs in the amount of $400.[1] The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" to prevailing plaintiffs. 29 U.S.C. § 216 b.[2]

As set forth above, Plaintiff stands to recover substantially all the compensation she could receive if the claim were litigated, even as Defendant denies liability and is a prevailing party.

Because Plaintiff has prevailed, her counsel is therefore entitled to payment of her attorney's fees and costs by Defendant in the amount stated in the Agreement. This was an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Plaintiff for her overtime and liquidated damages, and to her counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in

---

[1] Plaintiff's counsel's contract with the Plaintiff provides for a contingency fee of either one-third (1/3) of the total gross amount the wrongdoer agrees to pay (including any portion of the gross amount designated as attorney's fees/expenses) or the accrued full hourly fees (at a rate between $325 and $375 per hour), whichever is greater, if the case is settled prior to filing a discovery order.

[2] The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

*Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores, 679 F.2d at 1354.* In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendant has agreed to and does not oppose the amount or reasonableness of the attorney's fees to be paid to Howard's counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Howard's counsel or the amount of the total fees incurred. *See Dail, 391 F. Supp. 2d at 1147* (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

That being said, Plaintiff's counsel was able to achieve an excellent result for Plaintiff quickly, efficiently, and with minimal delay. Thus, her counsel's fee is reasonable and should be approved.[3]

WHEREFORE, the parties respectfully request the Court approve the attached Agreement.

This 11th day of November, 2015.

Prepared and Consented to by:

        s/Janet E. Hill
        Janet E. Hill, Esq.
        GA State Bar No. 354230
        Hill & Associates, PC
        1160 S. Milledge Avenue
        Suite 140
        Athens, GA 30605
        706-353-7272
        janet@hillworklaw.com
        *Attorney for Plaintiff*

Consented to by:

        s/Julie D. Loring
        Julie D. Loring
        GA State Bar No. 103668
        McLaughlin & Loring
        3630 Peachtree Road, Suite 1525
        Atlanta, GA 30326
        404-267-8913
        jloring@msgmesq.com
        *Attorney for Defendant*

---

[3] If, however, the Court nonetheless requires a fee petition or other submission for the purposes of conducting a lodestar cross-check or other analysis of the attorney's fees and costs to be paid to Plaintiff's counsel in this settlement, she respectfully requests the opportunity to supplement this joint motion with the required submittal.

ORDERED AND APPROVED BY: _____
C. Ashley Royal
United States District Judge